STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 MAY 14 A 10: 11

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-02-39

LAURA WASHBURN FOSTER,

Plaintiff

v.

EVELYN HOLLEY,

Defendant

DECISION
AND
JUDGMENT

(TITLE TO REAL ESTATE AFFECTED)

DONALD L. GARBRECHT
LAW LIBRARY

4  2003

1.  NAMES AND ADDRESS OF PARTIES

The plaintiff is Laura Washburn Foster formerly Laura Washburn of 75 Eagles Nest Drive in Freeport, Maine. She was represented by Attorney David J. Perkins of Perkins Olson, P.A. of Portland, Maine.

The defendant is Evelyn Holley of 91 Webster Road in Freeport, Maine. She represented herself.

2.  DOCKET NUMBER

The docket number is RE-02-39.

3.  NOTICE

All parties received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4.  DESCRIPTION OF REAL ESTATE

The dispute involves a view easement from Steven M. Oransky to Christopher T. Washburn and Laura U. Washburn dated April 10, 1996 and recorded at Book 12447, Page 275. The plaintiff's real estate is primarily along Eagles Nest Drive and has some frontage on Webster Road both in Freeport. It is described in a deed from

Steven M. Oransky and Janet Newlin Oransky to Christopher T. Washburn and Laura U. Washburn dated April 10, 1996 and recorded at Book 12447, Page 272. The defendant's land is located along Webster Road in Freeport and is described in a deed from Steven M. Oransky to Evelyn O. Holley of December 30, 1998 recorded at Book 14441, Page 070.

This dispute involves a claim that the provision of a view easement were violated when representatives of the defendant cut a significant number of trees on her land at the time of construction of her home in Freeport.

The plaintiff Laura Washburn Foster owns about 60 acres of land along Eagles Nest Drive which is a side road which enters Webster Road. She and her then husband Christopher Washburn acquired the land from Steven M. Oransky and Janet Newlin Oransky in a deed of April 10, 1996 recorded at Book 12447, Page 272. It was thought before the sale to be about 60 acres in size. Once the land was surveyed it appeared that the proposed deed description would convey more land than was thought to be included. The plaintiff wished to purchase a large, very private parcel on which to operate a secluded bed and breakfast. It was decided that the plaintiff would only purchase approximately 60 acres and not the full parcel of about 70 acres. She and her husband would, however, receive a view easement burdening remaining lands of Mr. Oransky. Privacy was very important to the plaintiff and her business concepts. Since the purchase the Washburns have divorced, she now owns the property in her own name, *see* deed of April 18, 1999 at Book 14746, Page 307, and she has remarried.

The view easement was granted by Steven Oransky, Janet Oransky had released her rights to Steven Oransky, to the Washburns on April 10, 1996 and was recorded at Book 12447, Page 275. It was described as a sight or view easement over land that the Oranskys had deeded to Mr. Oransky by deed of April 10, 1996 recorded at Book 12447,

Page 268. It placed two requirements on the land that Mr. Oransky kept and referred to an attached, not to scale, sketch plan dated April 10, 1996 which had been prepared by Mann Associates of West Bowdoin, Maine.

The first restriction was that no structure, which was in part defined, could be erected in open areas noted on the sketch plan except that portions of the new structure could be visible as a result of seasonal foliage changes as long as the majority of the structure was screened by trees or vegetation. The second restriction, which is the one at issue in this case, was that "No new open corridors of trees will be cut between any new structure constructed on the land of the Grantor herein and the dwelling conveyed to the Grantees herein by Steven M. and Janet N. Oransky by deed of even date herewith." The easement was to run with and benefit the plaintiff's land and burden the land that was then owned by Mr. Oransky.

On December 30, 1998 Steven Oransky sold the land that was burdened by the view easement to Evelyn O. Holley. That deed was recorded at Book 14441, Page 070. At that time there was an unbroken stand of trees, designated as woods at the south-easterly end of Open Area 1 contained on the sketch plan that was incorporated into the view easement. The plaintiff was able to look from her home across her pond and up an open field to a stand of trees. No homes were visible in that area.

In early 2001 the defendant, through a contractor, began the construction of her home. The testimony of the plaintiff, the photographs submitted by the parties and a sketch plan of "Location of 'Open Area' & Buffer Trees on property of Evelyn Holley" from Bruce R. Bowman, Inc. of Cumberland, Maine, dated June 2001 convince me that the defendant, through her agents, cut down trees in the area burdened by the view easement presumably to improve her light and views of the field and pond. More importantly it violated the provisions, perhaps not well phrased, that "No new open

3

corridors of trees will be cut between any new structure constructed on the land of the Grantor (now the Holley parcel) and the dwelling conveyed to the Grantees (the Washburn, now Foster parcel)."

After attempts at negotiations failed the plaintiff brought this complaint seeking nuisance damages and enforcement of the easement.

The first issue is whether nuisance damages should be awarded and, if so, how much they should be. The plaintiff is seeking $6,000 calculated at $500 per day for 12 days for the time spent in addressing the problems created by the defendant's tree cutting. No evidence is given as to how either the $500 or 12 day figures were derived.

I find that the defendant, through her contractor, cut trees that should not have been cut. An open corridor of trees now exists which allows the plaintiff and defendant to view the home of the other. While both homes appear to be very attractive and the distance between them is considerable the plaintiff bargained for and received a view easement and is she entitled to the benefits that it provides. The defendant's claim that she did not personally cut any trees, have any knowledge of their being cut or did not know of the easement are unpersuasive as her agents cut the trees and the view easement was recorded in the Registry of Deeds long before she purchased her land.

The actions of the defendant constitute a nuisance and the plaintiff is entitled to damages that, ". . . may include elements for inconvenience and annoyance." See *Eaton v. Cormier*, 2000 ME 65, ¶5, 748 A.2d 1006, 1008. The plaintiff is awarded $1,000 for inconvenience and annoyance. Her separate claim for damages for delay of the construction of a small conference center and lost profits from that delay is denied as there is no evidence that the defendant's actions, though wrongful, would have reasonably caused a delay and there is insufficient evidence presented to support the claimed damages.

4

The next issue is whether the view easement is to be enforced. The answer is absolutely yes. The easement is sufficiently definite in its terms and it would be easily understood that the defendant could not open up an area to allow her to see to the field and pond and be seen by the plaintiff. The easement is enforceable and will be enforced.

The more difficult question is what damages should be awarded or what an alternative remedy should be. The exact number, nature and height of the trees that were cut is not certain. The plaintiff's estimate of forty trees, 10 across and 4 rows deep, is reasonable. However, given the uncertainties surrounding the precise nature of trees cut, I will order that while 40 trees must be planted they need not be as tall and as expensive as the 20 foot high replacement trees that the plaintiff requested.

Within 45 days the defendant shall supply the plaintiff's attorney with a detailed plan showing the location of the 4 rows of 10 trees that will be planted in the area where the view easement has been violated. They shall be white pines between 9' and 12' high and shall be evenly spaced and professionally planted. The trees shall be planted at a time that is optimal for their survival and the defendant shall make her best efforts to ensure their survival. The plan shall indicate where the trees will come from, their size, the locations where they will be planted, who will plant them, when they will be planted and how they will be cared for so that they will survive the transplanting.

It is expected that there will not be further difficulties between the parties or anyone related to either of them. The court retains jurisdiction in the unlikely event that the tree planting cannot be or is not carried out in accordance with this judgment.

The plaintiff shall record an attested copy of this decision and judgment and pay the appropriate recording fees.

The entry is:

On Count I of the complaint, judgment for the plaintiff against the defendant in the amount of $1,000, interest and costs.

On count II of the complaint, judgment for the plaintiff against the defendant consistent with this judgment declaring and finding that the view easement is enforceable, that the view easement was violated and that the violation shall be remedied by the described planting of 40 9' to 12' high white pines as described in this decision and judgment.

Dated: _May 13, 2003_

_Paul A. Fritzsche_
Paul A. Fritzsche
Justice, Superior Court

The appeal period has expired without action or a final judgment has entered after remand following appeal.

Dated: _____

_____
Clerk, Superior Court

6

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-RE-2002-00039

Attorney for: LAURA WASHBURN
DAVID PERKINS
PERKINS OLSON  PA
30 MILK STREET
PO BOX 449
PORTLAND ME 04112-0449

**DOCKET RECORD**

vs
EVELYN HOLLEY  - DEFENDANT
91 WEBSTER ROAD
FREEPORT ME 04032

Filing Document: COMPLAINT                    Minor Case Type: EASEMENTS
Filing Date: 05/09/2002

## Docket Events:

05/09/2002 FILING DOCUMENT - COMPLAINT FILED ON 05/09/2002
          WITH EXHIBIT A.

05/09/2002 Party(s):  LAURA WASHBURN
          ATTORNEY - RETAINED ENTERED ON 05/09/2002
          Plaintiff's Attorney: DAVID PERKINS

06/25/2002 Party(s):  EVELYN HOLLEY
          RESPONSIVE PLEADING - ANSWER FILED ON 06/25/2002
          OF DEFENDANT, EVELYN HOLLEY

                                              PRO SE AT 91 WEBSTER ROAD,
          FREEPORT ME 04032

06/27/2002 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 06/27/2002
          THOMAS E HUMPHREY , JUSTICE

07/01/2002 Party(s):  LAURA WASHBURN
          SUMMONS - CIVIL SUMMONS FILED ON 07/01/2002

07/01/2002 Party(s):  LAURA WASHBURN
          SUMMONS - CIVIL SUMMONS SERVED ON 06/21/2002
          UPON EVELYN HOLLEY.

07/09/2002 ORDER - SCHEDULING ORDER ENTERED ON 07/09/2002
          THOMAS E HUMPHREY , JUSTICE
          DISCOVERY DEADLINE IS MARCH 10, 2003. ON 7/9/2002 COPIES MAILED TO DAVID PERKINS, ESQ. AND
          EVELYN HOLLEY 91 WEBSTRE ROAD, FREEPORT, ME 04032.

07/15/2002 Party(s):  LAURA WASHBURN
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 07/15/2002
          PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, PLAINTIFF'S INTERROGATORIES
          PROPOUNDED TO DEFENDANT, AND REQUEST FOR ADMISSIONS SERVED ON EVELYN HOLLEY ON 07-12-02.

08/05/2002 Party(s):  EVELYN HOLLEY
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/05/2002
          DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS; DEFENDANT'S
          RESPONSE TO PLAINTIFF'S INTERROGATORIES PROPOUNDED TO DEFENDANT; AND DEFENDANT'S RESPONSE